**Albert MASKILL, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38892.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

No attorney of record on appeal for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and Jimmy R.

James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin for the State.

BELCHER, Commissioner.

The conviction is for felony theft; the punishment, two years.

The state's witness Clyde A. Moody, Sr., testified that when awakened about 11:30 P.M., he saw a man coming through his front yard going toward his garage at the rear of the house; that he alerted his son and got his shotgun, and his son went out the front, and as he turned on a flood light he heard a noise in the garage, and on running to the garage he saw a man under his car except for his feet protruding and ordered him out, and he identified the appellant at the trial as the man who was under his car; that appellant claimed he was looking for his dog and called his dog but he never saw any dog except his own. After Moody directed appellant to stand by the garage until the officers arrived, the appellant kept moving for a position to "jump" him or get his son between them, and then when appellant ran Moody pursued and shot him to prevent his escape. Shortly thereafter the officers arrived. Moody testified that after investigation he found that his rods and reels had been taken from their regular place in the garage, and were found beside the garage where they had fallen which was about twenty feet from the place they were kept; that the value of such property was in excess of fifty dollars and that he did not give the appellant or anyone his consent to take them. In appellant's automobile, parked in front of the Moody home at the time in question, were found a tool box, a complete set of tools and a carburetor breather which Clyde Moody, Jr., identified as belonging to him, and he testified that this property had been taken from his automobile nearby without his consent.

Testifying in his own behalf, the appellant stated that he lived about three blocks from Moody, and was on his way home aft-er going to get some coffee, when he saw his dog, and then began a search for the dog. During the search he walked by Moody's house, calling his dog, and when the dog went to the rear of the garage he went in the garage and while looking under the car Moody came. The appellant denied seeing or moving any rods and reels; and also denied getting any tools, tool box or breather from another car which were found in his car in front of the house; and stated that he had no explanation for them being in his car.

The testimony of appellant's wife corroborated his testimony as to the trip for coffee and his search for the dog.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.